IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TYRONE LAMONT M. SUMMERS,
DOC # 130577
    Plaintiff,

vs.                                                    Case No.: 3:13cv541/MCR/EMT

MICHAEL CREWS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court upon referral from the clerk. Plaintiff commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1). By order of this court dated October 17, 2013, Plaintiff was granted leave to proceed in forma pauperis and given thirty (30) days in which to pay an initial partial filing fee in the amount of $2.70 (*see* doc. 5). Plaintiff failed to pay the initial partial filing fee; therefore, on November 25, 2013, the court issued an order requiring Plaintiff to show cause, within thirty (30) days, why this action should not be dismissed for failure to comply with an order of the court (doc. 9). The time for compliance with the show cause order has now elapsed, and Plaintiff has failed to pay the initial partial filing fee or explain his failure to do so.

        Accordingly, it is respectfully **RECOMMENDED**:

        That this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court.

        At Pensacola, Florida, this 3rd day of January 2014.

                                      /s/ *Elizabeth M. Timothy*
                                      **ELIZABETH M. TIMOTHY**
                                      **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).